DECISION.
Bringing forth one assignment of error, plaintiff-appellant, Lichtenberg Construction Development, Inc., appeals the judgment of the trial court entered in favor of defendant-appellee, Paul W. Wilson, Inc., in a breach-of- contract action. For the following reasons, we affirm the trial court's judgment.
Lichtenberg, a general contractor, relied on a bid offered by Wilson, a masonry subcontractor, when submitting its own bid on a construction project. On May 4, 1998, after Lichtenberg was awarded the general contract, it presented a subcontract to Wilson for its signature. Wilson refused to sign Lichtenberg's proposed contract because it contained objectionable terms, including a "time-is-of-the-essence" clause that required Wilson to complete the masonry work under a strict time schedule to allow for total project completion by September 1, 1998. At trial, Wilson claimed that Lichtenberg had refused to negotiate the disputed terms. Lichtenberg denied this allegation. Lichtenberg eventually hired another masonry subcontractor to complete the work, paying it $22,500 more than Wilson's bid. Lichtenberg sued Wilson for the additional cost it had incurred.
 This court has previously heard an appeal from a final judgment entered in this action.[1] In Lichtenberg I, we held,
 "[A] subcontractor is bound to its bid to a general contractor if the general contractor relied on that bid, was awarded a general contract, and notified the subcontractor within a reasonable time that the subcontractor's bid was accepted. But if the general contractor then proposes a subcontract with terms that the subcontractor should not reasonably have expected when the subcontractor made the bid, then the subcontractor will not be obligated to honor the bid. [Citations omitted.][2]
 Based on those principles of law and our determination that Lichtenberg had notified Wilson within a reasonable time that it intended to use Wilson as its masonry subcontractor, we remanded the case to the trial court to determine whether the terms of the proposed subcontract were such that Wilson should have reasonably expected them. (Wilson had argued at trial that the terms of the subcontract were not reasonably foreseeable.)
Based on the masonry industry's customs in Cincinnati, the trial court determined that certain terms of the subcontract, specifically the "time-is-of-the-essence" clause, were unreasonable and dismissed Lichtenberg's claim with prejudice. This timely appeal followed.
In Lichtenberg's sole assignment of error, it asserts that the trial court erred in allowing Wilson to reject the proposed subcontract. Lichtenberg essentially argues that there was insufficient evidence to support a finding that the terms of the subcontract, specifically, the "time-is-of-the-essence" clause, were unreasonable.
In C.E. Morris Co. v. Foley Constr. Co.,[3] the Ohio Supreme Court set out the standard of review applicable in a civil proceeding in which the judgment is challenged on the manifest weight of the evidence. Lichtenberg argues that the standard set forth in C.E. Morris is inapplicable in the case sub judice because the sufficiency, not the weight, of the evidence is at issue here. The Ohio Supreme Court has held that in the context of a criminal proceeding the concepts of sufficiency and weight of the evidence are qualitatively and quantitatively distinct and, thus, that different standards of review are necessary.[4] There has been no similar distinction recognized in civil cases.[5]
Therefore, as this is a civil proceeding, we are constrained to apply the standard of review set out in C.E. Morris, which states that a trial court's judgment will not be reversed if there is some "competent, credible evidence going to all the essential elements of the case[.]"[6]
With that standard established, we now turn to the merits of Lichtenberg's assignment of error.
The record contains evidence supporting the trial court's finding that the "time-is-of-the-essence" clause, which required Wilson to adhere to a strict time schedule for completion of its work, was a term that Wilson would not have reasonably expected to be included in the subcontract. Peter Petroze, a masonry subcontractor who had been in the business in the Cincinnati area for the past twenty-five years, testified about the customs and practices in masonry construction in the local area. Petroze stated that although a general "time-is-of-the-essence" clause was standard language in a subcontract, it "d[idn't] carry much weight" because the practice was for a general contractor and a subcontractor to negotiate in good faith the time schedule for completion of the work. Further, if a general contractor was adamant that work had to be completed within a strictly limited time, and refused to negotiate, then the subcontractor simply did not sign the contract, because, if it did so, it would then have been obligated to perform within that time. Finally, Petroze testified that if a general contractor knew in advance that a strict time schedule would be warranted for a project, it would send a letter of intent to the subcontractor requesting that it reserve a specific period of time in its schedule to work on the project.
Petroze's testimony provided competent, credible evidence supporting the trial court's finding that "[t]he standard masonry industry practice in the Cincinnati area is that the time schedule for any subcontract work is arranged by the general and the subcontractor after the general contract is awarded and that the parties must negotiate in good faith in setting up a work schedule." There was also competent, credible evidence to support the trial court's finding that this industry practice was not followed in the instant case.
Wilson's owner testified that soon after he had received a copy of the proposed subcontract, including the strict time schedule, he met with Lichtenberg at the construction site to discuss the schedule for work completion. Although, at that meeting, Lichtenberg indicated that the contract was flexible, Wilson testified that Lichtenberg refused to discuss alterations to the time schedule. Lichtenberg denied this and stated that it did offer to negotiate. There was further testimony that Lichtenberg sent by fax, on April 16, 1998, a letter of intent, which included the time schedule for the masonry work. Wilson testified that it never received the fax. Wilson testified that it instead received a copy of the time schedule and the proposed subcontract for the first time on May 4, 1998.
Clearly, there was conflicting testimony on this issue. The trial court specifically found that Wilson's testimony was more credible than that offered by Lichtenberg. We must defer to the trial court's finding in this respect, since, as the trier of fact, it was "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the testimony."[7] Accordingly, we conclude that Wilson did not receive a letter of intent and the proposed time schedule until early May 1998. We also note that the strict time schedule was not included in the bid specifications that Wilson had reviewed prior to submitting its bid to Lichtenberg for the masonry work on the project, and, thus, that Wilson had no reason to expect that an inflexible time schedule would be included in the subcontract. If the time schedule for performance of the work had been included in the bidding specifications, Wilson would have been obligated to honor its bid.
From our review of the record, we are convinced that there was competent, credible evidence that supported the finding that industry practice required the general and the subcontractor to negotiate in good faith a time schedule for work completion, as well as competent, credible evidence that supported the finding that good-faith negotiation did not occur here. Therefore, we hold, as did the trial court, that Wilson was free to reject the proposed subcontract because the "time-is-of-the-essence" clause, which included a rigid time schedule, was unreasonable, and, thus, that Wilson should not have reasonably expected that term in the subcontract. Accordingly, Wilson was not obligated to honor the bid that it had submitted to Lichtenberg.
Under these circumstances, we overrule Lichtenberg's sole assignment of error and affirm the judgment of the trial court. Judgment affirmed.
Winkler, J., concurs.
Painter, J., concurs in judgment only.
[1] See Lichtenberg Construction Development, Inc., v. Paul W.Wilson, Inc. (Mar. 10, 2001), Hamilton App. No. C-990533, unreported.
[2] Id.
[3] (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
[4] See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
[5] See Lakeshore Properties v. Sharonville (Feb. 16, 2001), Hamilton App. No. C-000321, unreported; State v. Hunter (June 1, 2001), Hamilton App. No. C-000266, unreported.
[6] See C.E. Morris Co. v. Foley Constr. Co., supra, at syllabus.
[7] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276.